# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ARTURO JAIMESPIMENTZ, a/k/a ARTURO JAIMES PIMENTEL | : | NO. 09-488-3 |

## MEMORANDUM AND ORDER

Presently before the Court is the Defendant's Motion to Sever his trial from that of his Co-Defendants. For the reasons set forth below, the Motion will be denied.

This case arises out of an indictment returned against Arturo Jaimespimentz ("Pimentel") on July 21, 2009, for offenses which occurred in or near 3465 Tampa Street in Philadelphia, on May 29, 2009. The Defendant and co-conspirators stand charged with having violated 21 U.S.C. § 846 (conspiracy to possess with intent to distribute heroin, cocaine, and 50 grams or more of cocaine base ("crack")); 21 U.S.C. § 841(a)(1), (b)(1)(A) (possession with intent to distribute 50 grams or more of cocaine base ("crack")); 21 U.S.C. § 841(a)(1), (b)(1)(C) (possession with intent to distribute heroin); and 21 U.S.C. § 841(a)(1), (b)(1)(C) (possession with intent to distribute cocaine).

The law is well settled in the Third Circuit that defendants charged with conspiracy are generally tried together unless there is an overriding factual or constitutional reason for a separate trial. In this case, Defendant has not shown any factual reason for a separate trial, but relies on the doctrine set forth in <u>Bruton v. United States</u>, 391 U.S. 123 (1968), by asserting that because a Co-Defendant in this case, Nelson Acosta ("Acosta"), made a statement to the FBI which

incriminated Defendant Pimentel, Pimentel is entitled to a separate trial.

According to the FBI report, Acosta, after being taken into custody and given Miranda warnings, stated the following: he and Defendant traveled down from New York City to Philadelphia to meet with a local businessman to discuss purchasing a Wawa store (Defendant had traveled up to New York from Georgia to meet Acosta for the trip); the two traveled to Co-Defendant Jose Velazquez's residence in Philadelphia, whom Acosta knew through family in the Dominican Republic and whom Acosta had twice visited before; Defendant and Acosta sat down at a table in Velazquez's house to talk; Acosta immediately noticed illegal narcotics and narcotics paraphernalia spread out over the table; nonetheless, Acosta remained seated at the table for an hour, at which point Co-Defendant Luis Perez, whom Acosta also knew through family in the Dominican Republic, showed up at Velazquez's house; the four of them remained at the table for another 30 minutes, at which point police entered the residence.

In the first place, Bruton is not applicable because Acosta's statement is not incriminating of himself or of Pimentel. Given the charges, it is an exculpatory statement. However, assuming, arguendo, that it may be considered incriminating because it places Pimentel at the table where drugs were displayed with Acosta, there is still no grounds for a severance. The facts of the case show that Pimentel and Acosta were arrested while fleeing from the house. The government points out that police entered the house while Defendants were seated at the tables with the drugs displayed and that both Acosta and Pimentel were arrested as they were trying to flee the house. Thus, there will be independent evidence that Pimentel was in the house with Acosta, and Acosta's statement adds nothing.

Nonetheless, the opportunity for redaction exists in this case. See Richardson v. Marsh,

481 U.S. 200 (1987). Pimentel cites Robinson v. Shannon, Civ. A. No. 08-1074, 2009 WL 2474632 (E.D. Pa. Aug. 11, 2009) (Shapiro, J.), where the law enforcement officer reading the co-defendant's incriminating confession to the jury, advised the jury that the confession was a "redacted copy of the interview." Id. at *5. Although the trial court offered a curative jury instruction, the defendant's counsel declined, and argued that the detective's comment implied the statement had been redacted to remove an incriminating reference to Robinson. There was no reason given as to why the statement had been redacted. On a post-conviction petition, Judge Shapiro held that the jury could not have drawn the inference that the statement was incriminating, and thus there was no Confrontation Clause violation. Accordingly, post-trial relief based on a Bruton violation was denied. Id. at *6; see also Nguyen v. Love, 279 F. App'x 127, 130 (3d Cir. 2008) (nonprecedential) (denying habeas relief with respect to a state-court determination that a prosecutor's description of a co-defendant's confession as "redacted" did not violate the Confrontation Clause, as it "neither revealed the nature of the edits made to the confession nor suggested in any manner that the confession incriminated [the defendant]").

According, it is hereby ORDERED as follows:

1. The Court will discuss appropriate redaction with counsel at the time of trial.
2. Defendant's Motion for Severance (Doc. No. 63) is DENIED.

BY THE COURT:

Date: 3/9/10

/s/ Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\Criminal Cases\09-488 Jaimespimentz, et al\Pimentel - Order 3-9-10.wpd